IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON M. JUMPER,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:25-CV-2011-E-BW |
| YENDO INC.,<br>　　　Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Brandon M. Jumper, proceeding pro se, filed this action in state court against Defendant Yendo Inc. on June 26, 2025. (*See* Dkt. No. 1-4 at ECF p. 6.) Yendo removed the action to this Court on July 31. (*See* Dkt. No. 1.) The case was referred to the undersigned United States magistrate judge for case management under 28 U.S.C. § 636(b) by Special Order 3-251. (*See* Dkt. No. 3.)

For reasons explained below, the undersigned recommends that this action be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to serve the defendant and pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

**I. BACKGROUND**

Jumper, a resident of Pennsylvania, initiated these legal proceedings by filing an Emergency Petition for Injunctive Relief and Immediate Release of Funds in the 191st District Court for Dallas County, Texas. (*See* Dkt. No. 1-4 at ECF p. 6 ("Compl.").) He alleges that he is an account holder at Yendo, a "financial services entity," and that he submitted a "dispute regarding funds currently withheld" by

Yendo. (*Id.* ¶¶ 1.2, 3.3.) Jumper further alleges that Yendo did not resolve the dispute in a timely manner as required by regulations and, thus, must release the disputed funds—$3,587.00—to him. (*Id.* ¶¶ 3.4, 3.5, 3.9.)

Yendo removed the action on the basis of federal question jurisdiction. (*See* Dkt. No. 1.) Jumper had not served Yendo with process to that point. (*See id.* at ¶ 3.) On September 12, 2025, the undersigned entered an order directing Jumper to serve a summons and complaint pursuant to Fed. R. Civ. P. 4 and 28 U.S.C. § 1448 and to file proof of service or a waiver. (Dkt. No. 6.) The order warned Jumper that the case would be subject to dismissal under Fed. R. Civ. P. 4(m) if he did not serve Yendo by November 13, 2025. (*Id.* at 2.)

Jumper's deadline to file proof of service has passed, and he has not shown that Yendo has been served. In fact, Jumper has not taken in any action in prosecution of this case since its removal to this Court.

## II.  LEGAL STANDARDS

Rule 4(m). When, as here, an action is removed to federal court before the plaintiff serves any defendant with process, "such process or service may be completed or new process issued in the same manner" as in cases filed in federal court. *See* 28 U.S.C. § 1448. Fed. R. Civ. P. 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof

of service with the court. Fed. R. Civ. P. 4(*l*)(1).  If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period.  Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017).  "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, No. CIV.A.H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)).  But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

<u>Rule 41(b)</u>.  Fed. R. Civ. P. 41(b) "authorizes the district court to dismiss an action sua sponte for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).  This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of

dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

"The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (quoting *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991)). A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

### III. ANALYSIS

This action should be dismissed pursuant to Fed. Rs. Civ. P. 4(m) and 41(b). The record demonstrates that Plaintiff has not taken any action toward serving Yendo with process in this case. The Court has brought that failure to Plaintiff's attention and has given him an opportunity to cure. Jumper, however, has apparently taken no action to do so. Plaintiff has failed to show any reason for his failure to serve Defendant. *See* Fed. R. Civ. P. 4(m) (allowing for extension of time to serve upon showing good cause for failure to serve). This case therefore should be dismissed pursuant to Rule 4(m) for failure to timely serve the defendants.

Dismissal is also warranted under Fed. R. Civ. P. 41(b). By failing to take any step toward the service of process or seek an extension of his deadline, Plaintiff has failed to prosecute his lawsuit. The undersigned concludes that, in light of the opportunity given to him to comply with Rule 4 and the warning concerning

dismissal, lesser sanctions would be futile.  The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and sua sponte dismiss this action without prejudice.  *See Gaivehchi v. Bierman*, No. 3:19-CV-980-L-BN, 2019 WL 6120137, at *2-3 (N.D. Tex. Oct. 1, 2019), *rec. adopted*, 2019 WL 6118563 (N.D. Tex. Nov. 15, 2019).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be **DISMISSED** without prejudice for failure to timely serve the defendant with summons and a copy of the complaint as required by Fed. R. Civ. P. 4(m) and also pursuant to Fed. R. Civ. P. 41(b) for failure to timely prosecute the case.

**SO RECOMMENDED** on November 14, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).